IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

**LAURA BETH HICKS**, on behalf of herself and similarly situated employees,

    Plaintiff,

v.

**GREAT LAKES HOME HEALTH SERVICES, INC.** and **GREAT LAKES ACQUISITION CORP.**, *d/b/a* **GREAT LAKES CARING**,

    Defendants.

Case No.

JURY TRIAL DEMANDED

## COLLECTIVE ACTION COMPLAINT

Plaintiff Laura Beth Hicks ("Plaintiff") brings this collective action lawsuit against Defendants Great Lakes Home Health Services, Inc. and Great Lakes Acquisition Corp (collectively, "Defendants"), alleging that Defendants failed to pay Plaintiff and similarly situated employees overtime premium compensation for hours worked over forty (40) in a week in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over Plaintiff's claims because they are brought pursuant to the FLSA, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

2. Venue is proper under 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an individual residing in Springfield, Illinois (Sangamon County).

4. In addition to Plaintiff, Defendants have employed hundreds of other individuals who provided home health, palliative, and hospice care to homebound clients. These individuals are referred to hereinafter as "home health workers."

5. Defendant Great Lakes Home Health Services, Inc. (*d/b/a* Great Lakes Caring) is a Michigan corporation with its principal place of business at 900 Cooper Street, Jackson, Michigan 49202.

6. Defendant Great Lakes Acquisition Corp. (*d/b/a* Great Lakes Caring) is a Delaware corporation with its principal place of business at 900 Cooper Street, Jackson, Michigan 49202.

7. According to their website, www.greatlakescaring.com, Defendants operate out of 28 office locations in Michigan, Illinois, Indiana, Ohio, Kansas, Missouri, and Massachusetts. This includes 10 office locations in Michigan alone, 5 of which are located within this district.

8. Defendants employ individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce or are

engaged in handling, receiving, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce. As such, Defendants are covered by the FLSA.

## FACTS

9. Plaintiff was employed by Defendants as a Registered Nurse Case Manager from approximately October 2015 until approximately February 2017 at Defendants' Springfield, Illinois office.

10. From approximately October 2015 until the end of December 2015, Plaintiff received compensation from Defendants that included 1) per-visit flat fees that were determined by the type of visit; and 2) hourly payments made for certain tasks which were based upon the duration of those tasks.[1]

11. Like Plaintiff, Defendants compensated other home health workers with a combination of 1) per-visit flat fees that were determined by the type of visit; and 2) hourly payments made for certain tasks which were based upon the duration of those tasks.

12. Regarding per-visit flat fees, Defendants paid Plaintiff and other home health workers, for example, a flat fee for routine visits to a client's home.

13. Regarding hourly payments, Defendants paid Plaintiff and other home health workers, for example, on an hourly basis for time spent attending case

---

[1] In January 2016, Defendant stopped compensating Plaintiff under this system and began to pay her on a salary basis.

conference meetings and performing other work at Defendants' offices.

14. From approximately October 2015 until the end of December 2015, Plaintiff typically worked between fifty (50) to sixty (60) hours per week. These work hours included, *inter alia*, time spent in clients' houses, time spent traveling between clients, and time spent completing paperwork and charting regarding patient visits. Much of the time associated with these tasks was not recorded or otherwise visible on the paychecks Defendants issued to Plaintiff.

15. Similar to Plaintiff, other home health workers often worked more than forty (40) hours per week.

16. Defendants did not pay Plaintiff and other home health workers overtime premium compensation for hours worked over forty (40) in a week.

17. Defendants' compensation plan, described in paragraphs 10-16 *supra*, violates federal law as set forth in *Elwell v. University Hospitals Home Care Services*, 276 F.3d 832 (6th Cir. 2002).

18. By failing to pay Plaintiff and other home health workers overtime premium compensation for hours worked over forty (40) in a week as required by the Sixth Circuit in *Elwell*, Defendants have violated applicable FLSA provisions.

## COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff asserts her FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following potential opt-in litigants:

> All current or former home health workers employed by Defendants within the last two (2) years who were paid, in part, on a per-visit basis.

(hereinafter referred to as the "Opt-in Class").

20. Plaintiff desires to pursue her claims on behalf of all individuals who opt into this action pursuant to 29 U.S.C. § 216(b).

21. Plaintiff and the Opt-in Class are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) because, *inter alia*, Defendants did not pay Plaintiff and the Opt-in Class for overtime hours at one and one-half times their regular rate, as mandated by the FLSA and the Sixth Circuit's holding in *Elwell*.

22. Virtually all of the legal and factual issues that will arise in litigating the collective claims are common to Plaintiff and the Opt-in Class.

## COUNT I
### (Violation of the Fair Labor Standards Act)

23. All previous paragraphs are incorporated as though fully set forth herein.

24. Plaintiff and the Opt-in Class are employees entitled to the FLSA's protections.

25. Defendants are employers covered by the FLSA.

26. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours in excess of forty (40) in a workweek. *See* 29 U.S.C. § 207.

27.     Defendants have violated the FLSA by failing to pay Plaintiff and the Opt-in Class overtime premium compensation for hours over forty (40) per week as required under applicable FLSA provisions and the holding of the Sixth Circuit in *Elwell*.

28.     Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff is entitled to reimbursement for her costs and attorneys' fees if she is successful in prosecuting this action for unpaid overtime wages.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Opt-in Class, seeks the following relief:

A.     An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the collective action;

C.     Unpaid overtime wages and prejudgment interest;

D.     Liquidated damages to the fullest extent permitted under the FLSA;

E.     Litigation costs, expenses, and attorneys' fees; and

   F. Such other and further relief as this Court deems just and proper.

Date: August 15, 2017   Respectfully submitted,

            */s/ Jesse Young*
            **JESSE YOUNG**
SOMMERS SCHWARTZ, P.C.
One Town Square
17th Floor
Southfield, MI  48076
Phone:  (248) 746-4027
Facsimile:  (248) 936-2138
JYoung@sommerspc.com

**JERRY E. MARTIN**
**JOSHUA A. FRANK**
BARRETT JOHNSTON MARTIN & GARRISON LLC
414 Union Street, Suite 900
Nashville, TN 37219
Phone: (615) 244-2202
Facsimile: (615) 252-3798
jmartin@barrettjohnston.com
jfrank@barrettjohnston.com

**PETER WINEBRAKE**
**R. ANDREW SANTILLO**
**MARK J. GOTTESFELD**
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone:  (215) 884-2491
Facsimile: (215) 884-2492
pwinebrake@winebrakelaw.com
asantillo@winebrakelaw.com
mgottesfeld@winebrakelaw.com

*Attorneys for Plaintiff*