# Exhibit N

Positive
As of: March 14, 2018 10:10 PM Z

# Peter v. Care 2000 Home Healthcare Servs. of Hutchinson

United States District Court for the District of Kansas

February 5, 2013, Decided; February 5, 2013, Filed

CIVIL ACTION No. 11-1328-KHV/DJW

**Reporter**
2013 U.S. Dist. LEXIS 15319 *; 2013 WL 441069

PAMELA PETER, Plaintiff, v. CARE 2000 HOME HEALTHCARE SERVICES OF HUTCHINSON, INC., Defendant.

**Prior History:** Peter v. Care 2000 Home Healthcare Servs. of Hutchinson, 2012 U.S. Dist. LEXIS 166083 (D. Kan., Nov. 20, 2012)

**Counsel:** [*1] For Pamela Peter, Plaintiff: Nathanael W. Berg, Hampton & Royce, L.C., Salina, KS.

For Care 2000 Home Healthcare Services of Hutchinson, Inc., Defendant: David H. Moses, LEAD ATTORNEY, Justin M. Waggoner, Case, Moses, Zimmerman & Martin, PA - Wichita, Wichita, KS.

**Judges:** KATHRYN H. VRATIL, United States District Judge.

**Opinion by:** KATHRYN H. VRATIL

## Opinion

### MEMORANDUM AND ORDER

Plaintiff brings suit against Care 2000 Home Healthcare Services of Hutchinson, Inc. ("Care 2000"), seeking unpaid wages, liquidated damages, costs and attorney fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.[1] This matter is before the Court on the parties' Joint Motion For Approval of Settlement Agreement As Stipulated Final Judgment (Doc. #29) filed January 18, 2013.

When employees file suit against their employer to recover back wages under the FLSA, the parties [*2] must present any proposed settlement to the district court for review and a determination of whether the settlement is fair and reasonable. McCaffrey v. Mortg. Sources, Corp., No. 08-2660-KHV, 2011 U.S. Dist. LEXIS 1096, 2011 WL 32436, at *2 (D. Kan. Jan. 5, 2011); see Lynn's Food Stores v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The provisions of the FLSA are not subject to private negotiation between employers and employees. See Lynn's Food Stores, 679 F.2d at 1352; Dees v. Hydradry, Inc., 706 F. Supp.2d 1227, 1234 (M.D. Fla. 2010); Collins v. Sanderson Farms, Inc., 568 F. Supp.2d 714, 718 (E.D. La. 2008). To allow such waivers would nullify the effectiveness of the Act.

Requiring court approval of such settlements effectuates the purpose of the FLSA — to "protect certain groups of the population from substandard wages and excessive hours . . . due to the unequal bargaining power as between employer and employee," which may endanger national health and efficiency and the free flow of goods in interstate commerce. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945). To approve an FLSA settlement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement [*3] is fair and equitable to all parties concerned and (3) the proposed settlement contains an award of reasonable attorney fees. See McCaffrey, 2011 U.S. Dist. LEXIS 1096, 2011 WL 32436, at *2; Lynn's Food Stores, 679 F.2d at 1354.

### I. Bona Fide Dispute

Parties requesting approval of an FLSA settlement must provide the Court with sufficient information to

---

[1] Section 216(b) states in part as follows:

> Any employer who violates the [minimum wage and maximum hour provisions of the Act] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b).

determine whether a bona fide dispute exists. See Dees, 706 F. Supp.2d at 1241. To meet this obligation, the parties should provide the following information: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employee; (3) the employer's reasons for disputing the employee's right to a minimum wage or overtime; (4) the employee's justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage. McCaffrey, 2011 U.S. Dist. LEXIS 1096, 2011 WL 32436, at *2.

Here, the parties' motion provides this information. From 2008 to 2011, plaintiff worked as a nurse to provide in-home nursing services for clients of Care 2000. Plaintiff's duties included home visits and related charting, reporting and communication with [*4] pharmacies. Care 2000 paid plaintiff on a per-visit basis for visits with patients and on an hourly basis for other responsibilities. The per-visit fee ranged from $15 to $50 depending on the type of visit. The hourly rate ranged from $12 to $18 depending on the service. Care 2000 classified plaintiff as an exempt employee and did not pay her overtime when she worked over 40 hours in a work week.

Plaintiff filed suit, alleging that Care 2000 had incorrectly classified her as an exempt employee under 29 U.S.C. § 213(a)(1). See Elwell v. Univ. Hosps. Home Care Servs., 276 F.3d 832, 839 (6th Cir. 2002) (hybrid compensation plans which combine both fee based and hourly compensation are not fee basis arrangements; plaintiff therefore not exempt professional under FLSA). Plaintiff alleged that she worked approximately 1800 hours of unpaid overtime during 2009-2011.[2] Plaintiff claimed that Care 2000 owed her approximately $45,000 in unpaid overtime, in addition to liquidated damages and attorney fees.

Care 2000 concluded that plaintiff overestimated the time that she spent on each visit and that she did not work any hours of overtime. Care 2000 also argued that the Tenth Circuit would not apply the Elwell holding. Further, Care 2000 contended that the highly compensated employee exemption would preclude plaintiff from recovering overtime for two of the three years under her claim.

Based on this record the Court finds that the parties have a bona fide dispute.

## II. Fair And Reasonable

To be fair and reasonable, an FLSA settlement must be reasonable to the employee and must not frustrate the policies embodied in the FLSA. When determining the reasonableness of a settlement to the employee, the framework for evaluating the fairness of a class action settlement is instructive. McCaffrey, 2011 U.S. Dist. LEXIS 1096, 2011 WL 32436, at *2. The Tenth Circuit considers the following factors when deciding whether to approve a class action settlement under Rule 23(e), Fed. R. Civ. P.: (1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery [*6] outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable.

Here, no evidence suggests that the parties did not fairly and honestly negotiate the settlement. Further, plaintiff and her counsel believe that the settlement is fair and reasonable. The parties dispute the factual basis of plaintiff's claims, but this dispute does not undermine the fairness or reasonableness of the settlement. Moreover, the value of immediate recovery would likely outweigh the mere possibility of recovery after protracted litigation.

In addition to these factors, the Court must also ensure that the settlement does not undermine the purpose of the FLSA to protect employees' rights from employers who generally wield superior bargaining power. Courts consider the following factors when determining whether a settlement complies with FLSA policies: (1) presence of other employees situated similarly to plaintiff, (2) a likelihood that plaintiff's circumstance will recur and (3) a history of FLSA non-compliance by defendant or others in defendant's industry. Dees, 706 F. Supp.2d at 1244. The record reflects that the [*7] settlement is consistent with the purpose of the FLSA. The record does not indicate the presence of other employees situated similarly to plaintiff. In addition, the fact that this is not an FLSA collective action suggests that defendant's alleged underpayment of wages was not part of a widespread course of conduct, but involved isolated incidents. The record does not reflect a history of FLSA

---

[2] Plaintiff arrived at the 1800 hour figure by estimating the average amount of time per visit that she spent on charting and other duties and then multiplying that number by the number of her [*5] recorded visits.

non-compliance by defendant nor any likelihood that plaintiff's circumstances will recur. The Court therefore finds that the settlement is fair and reasonable.

### III. Reasonable Attorney Fees

To determine whether the negotiated amount of attorney fees is reasonable, the Court must examine whether plaintiff's counsel is adequately compensated and ensure that a conflict of interest does not taint the amount which plaintiff receives under the agreement. See Dees, 706 F. Supp.2d at 1243. Under the settlement agreement, plaintiff receives a total of $35,000 to settle all claims, which includes $22,750 to settle the FLSA claims and $12,250 for attorney fees. The parties state that the attorney fees are reasonable, and the record contains no suggestion of a conflict of interest. The Court therefore finds [*8] that the fee award should be approved.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion For Approval of Settlement Agreement As Stipulated Final Judgment (Doc. #29) filed January 18, 2013 be and hereby is **SUSTAINED**.

Dated this 5th day of February, 2013 at Kansas City, Kansas.

/s/ Kathryn H. Vratil

KATHRYN H. VRATIL

United States District Judge

**End of Document**