UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LAURA HICKS, on behalf of herself
and similarly situated employees,

              Plaintiff,                CASE NO. 17-CV-12674
                                     HON. GEORGE CARAM STEEH

v.

GREAT LAKES HOME HEALTH
SERVICES, INC. and GREAT
LAKES ACQUISITION CORP.,
d/b/a
GREAT LAKES CARING,

              Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (Doc. 25)
and GRANTING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT (Doc. 27)**


    This collective action brought under the Fair Labor Standards Act,

("FLSA"), 29 U.S.C. § 291 *et seq.*, seeks overtime compensation for work

Plaintiff Laura Hicks, a registered nurse, performed as a home health

worker.  Now before the court is Defendants' Great Lakes Home Health

Services, Inc. and Great Lakes Acquisition Corp., d/b/a Great Lakes Caring

(collectively "Defendants") motion for summary judgment on the basis that

Hicks was a part-time employee.  Because a genuine issue of material fact exists as to whether Hicks worked more than 40-hours per week, Defendants' motion for summary judgment shall be denied.  Plaintiff also seeks partial summary judgment that she was not exempt from the overtime provisions of the FLSA as a bona fide professional because she worked on a hybrid fee and hourly basis.  Oral argument was heard on April 26, 2018, and informs this court's decision.  Because Hicks was not paid on a strict fee-basis, Hicks' motion for partial summary judgment shall be granted.

## I. Factual Background

Hicks began working for First Care Healthcare, Inc. ("First Care") in Springfield, Illinois in January, 2015.  Her duties included patient home visits, as well as documenting visits, performing aide plans, and supervising other home health workers.  She was paid a per-visit fee depending on the type of care provided, and an hourly fee for on-call, in-service office hours, and attendance at meetings.  Defendants claim that Hicks was a part-time employee.

On October 27, 2015, Defendant Great Lakes Acquisition Corp., a Michigan based corporation, acquired First Care.  For the next two months, Hicks continued to work on a hybrid fee and hourly basis, but beginning on

December 27, 2015, Hicks became a full-time salaried employee.  The two-month time period from October 27, 2015 to December 27, 2015 is referred to as the "transition period" and it is for this time period only that Hicks alleges she was a covered employee under the FLSA and was denied overtime compensation.  During this two-month period, Defendants recorded the time Hicks spent on in-home patient visits on a computer system known as Kinnser, but did not record the time that Hicks spent documenting the visits, time spent phoning patients, physicians, and other staff members, answering or making telephone calls while on-call, or the amount of time spent traveling to see patients or otherwise compensable work done between patient visits.

Beginning in January, 2016, Defendants began using a different computer system to track nurses' work time known as Homecare Homebase (HCHB).  HCHB was a more comprehensive system and recorded all work time, including time spent documenting patient visits and all other work outside home visits.  In their motion for summary judgment, Defendants seek to rely on HCHB time records to extrapolate the time it would have taken to complete the same tasks in the transition period for which no contemporaneous time records exist.  Based on these extrapolations, Defendants maintain that Hicks was a part-time employee

who never worked more than 39.4 hours per week. Defendants maintain

that using the HCHB records to estimate times worked during the relevant

time period is a very conservative method as the HCHB system took longer

to use, based in part, on the fact that staff members were still learning to

use the new system.

In support of their motion for summary judgment, Defendants rely on

the affidavit of Nicolle Fleck, who was Hick's supervisor, who estimates the

amount of time that Hicks could reasonably have expended on

documentation of various services and travel time, and concludes that

Hicks' estimate that she worked 50 to 60 hours per week is not plausible.

(Doc. 26, Ex. B). Defendants also rely on the affidavit of their Chief

Operating Officer, Carry VandenMaagdenberg, who calculated the time

that Hicks could reasonably have expended on non-visit work, based on

extrapolations from the HCHB system, and concludes that Hicks worked

less than 40-hours per week during the entire transition period. (Doc. 26,

Ex. D).

Hicks, on the other hand, testified at her deposition that she generally

worked from 8:00 or 9:00 a.m. until 6:00 or 7:30 p.m., worked continuously

during her work day including drive time between patient visits, and then

spent upwards of two hours per evening at home completing patient

charting.  She also testified that she was on-call every other weekend and spent about 15 minutes on each telephone call she answered while on-call.

This lawsuit is related to a prior suit filed by the same Plaintiff's counsel against these same Defendants for alleged overtime violations under the FLSA.  *Hutchins v. Great Lakes Home Health Serv., Inc.*, No. 17-CV-10210, 2017 WL 3278209 (E.D. Mich. Aug. 2, 2017).  This court dismissed that suit as time-barred because the named plaintiff's claims there arose more than two-years prior to the filing of the suit, and plaintiff failed to allege facts sufficient to support a finding of "willfulness" which would have elongated the statute of limitations to three-years.  In that suit, plaintiff sought to add an opt-in form by putative class member Hicks, but the court did not consider the opt-in form as it had dismissed the named plaintiff, and thus, there was no basis for continuing the lawsuit.  Plaintiff's counsel filed this suit less than two weeks after the dismissal of the *Hutchins* case, and it largely mirrors that case.

## II. Standard of Law

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law."  *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).  The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice.  The procedure is not a disfavored procedural shortcut.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original);

- 6 -

see also *National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (*citing Anderson*, 477 U.S. at 252).

### III. Analysis

### A.    Defendants' Motion for Summary Judgment

The FLSA requires employers to maintain proper records documenting all hours worked by their employees. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2; *Herman v. Palo Group Foster Home, Inc.*, 183 F.3d 468, 472 (6th Cir. 1999). In the absence of contemporaneous time records, an employee's burden of proof on his or her FLSA claim is not an "impossible

hurdle," but an employee meets his or her burden if "[she] proves that [she] has in fact performed work for which [she] was improperly compensated and if [she] produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Tyson Foods, Inc. v. Bouaphakeo,* 136 S. Ct. 1036, 1047 (2016) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). "[T]he burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* (quoting *Anderson*, 328 S. Ct. at 687-88).

The Sixth Circuit has squarely held that an employee's deposition testimony, standing alone, may be sufficient to defeat an employer's motion for summary judgment in an FLSA action. *Moran v. AL Basit LLC,* 788 F.3d 201, 205 (6th Cir. 2015). In *Moran*, the Sixth Circuit found that an employee's deposition testimony about the amount of hours he worked was sufficient to create a genuine issue of material fact even when it was contradicted by the employer's contemporaneous time records. *Id.* The court stressed that "[w]hether his testimony is credible is a separate consideration that is inappropriate to resolve at the summary judgment stage." *Id.* The Sixth Circuit reached a similar conclusion in *Keller v. Miri*

*Microsystems LLC*, 781 F.3d 799 (6th Cir. 2015), where the Court held that in the absence of employer records, "a plaintiff's testimony is enough to create a genuine issue of fact." *Id.* at 816 (citing *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 (6th Cir. 2010)).

Here, Hicks testified at her deposition that she regularly worked from 8:00 a.m. to 7:30 p.m., did not take any breaks between patient visits, and spent nearly two hours at home each evening completing patient charting. She also testified that when on-call, she would make or receive multiple calls lasting about 15 minutes each – time which Defendants did not include in their calculations. Hicks challenges the credibility of VandenMaagdenberg and Fleck on the grounds that they are biased in favor of their employer. Furthermore, she complains that they made their estimations without reviewing patients assigned to Hicks or conducting a time study of similar employees performing those tasks. For the weeks beginning on October 25 and November 1, 2015, Defendants submit that the maximum time Hicks worked for each week 39.4 hours. Hicks asserts if she can show just 37 minutes of work not considered by Defendants, she has established her FLSA overtime claim.

She states that she does so in several ways: (1) her estimates of time spent charting patient visits exceed those of Defendants; (2) Defendants do

not credit her with time worked between patient visits when that time period

lasts longer than an hour, yet she claims she was working during this time

period under C.F.R. §§ 785.7, 785.11-.19;[1] (3) Defendants failed to include

all travel time; and (4) Defendants do not credit her time spent answering

and making telephone calls while on-call.  Based on the absence of

employer records as to the time Hicks spent on tasks outside in-home

patient visits, and given the parties' competing and conflicting affidavits and

deposition testimony about the amount of time Hicks worked outside of in-

home patient visits, a genuine issue of material fact exists as to whether

Hicks worked more than 40-hours per week during the relevant period.

While Defendants may well convince a jury that Hicks' time estimates are

grossly inflated, this court cannot weigh credibility in reaching its decision

here.

Defendants argue that *Tyson Foods, supra*, stands for the proposition

that the court must reject Hicks' deposition testimony because it is based

on "implausible assumptions."  But *Tyson Foods* does not help Defendants

here, and Defendants have lifted that language out of context.  In that case,

the question involved whether workers in a meat processing plant were

---

[1] The court does not reach the issue of whether her waiting time was compensable, as
that question is fact specific and depends on the totality of the circumstances, and is not
properly before the court at this time.  *See* 29 C.F.R. § 785.14.

denied overtime compensation in violation of the FLSA because their employer did not include time spent donning and doffing necessary protective gear in their pay. 136 S. Ct. at 1041.  The matter proceeded to trial, and on appeal, defendants argued class certification was improper because in the absence of time records, the district court considered expert testimony about how long it would take employees to put on the protective gear which did not account for differences between the type of gear required for different positions.  *Id.* at 1042-43.

The Court held that the expert testimony was a permissible basis for representative liability, but noted that representative evidence could be deficient under *Daubert* where the representative evidence "is statistically inadequate or based on implausible assumptions."  *Id.* at 1048.  This case does not involve representative expert testimony and reaches this court in a completely different procedural posture, as the court is deciding a motion for summary judgment, and is not addressing a jury verdict.  In sum, *Tyson Foods* offers no support to Defendants' motion.  For the reasons set forth above, a genuine issue of material fact exists as to whether Hicks worked more than 40-hours per week during the relevant period.  Accordingly, Defendants' motion for summary judgment shall be denied.

**B.     Plaintiff's Motion for Partial Summary Judgment**

Plaintiff seeks partial summary judgment by way of a ruling that she was not a bona fide professional exempt from the overtime provisions of the FLSA during the transition period.  There is no dispute that Hicks became a salaried professional exempt from FLSA overtime requirements on December 27, 2015.  She only seeks overtime for the nine week period from October 27, 2015 to December 26, 2015.  Defendants respond that the court should not reach this issue because Hicks only worked part-time during the transition period.  In the alternative, Defendants argue that Hicks is a bona-fide professional exempt from overtime, or at least there is a genuine issue of material fact as to whether the FLSA professional exemption applies.  For the reasons set forth below, the issue is not premature, and Plaintiff is not exempt under the FLSA, as she worked on a hybrid basis in which she was paid both on a fee-basis and hourly basis.

The FLSA prohibits an employer from employing a non-exempt employee for more than 40 hours in a week, unless the employee is compensated at time and a half times the hours worked at the regular rate in excess of 40 hours.  29 U.S.C. § 207(a).  Persons employed in a bona fide professional capacity are exempt from overtime pay requirements when they are paid on a salary or fee basis.  *Elwell v. Univ. Hosps. Home*

*Care Servs.*, 276 F.3d 832, 837 (6th Cir. 2002) (citing 29 U.S.C. §

213(a)(1)). "The employer has the burden of proving that an employee

satisfies any exemptions under the FLSA." *Id.* (citations omitted).

"Exemptions under the FLSA are affirmative defenses, therefore, the

[d]efendants bear the burden of proving that a specific exemption applies."

*See Solis v. Suroc, Inc.*, 49 F. Supp. 3d 502, 506–07 (N.D. Ohio 2014)

(citing *Orton v. Johnny's Lunch Franchise, LLC,* 668 F.3d 843, 847 (6th Cir.

2012)).  Although exemptions under the FLSA have historically been

narrowly construed against the employer, the Supreme Court recently

rejected that principle and held that exemptions should be given a "fair

reading." *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018).

Even under the fair reading principle, Defendants have not shown that

Hicks satisfies the bona-fide professional exemption during the transition

period.

In order to qualify as an exempt bona fide professional, an employee

must be:

 (1) Compensated on a salary or fee basis at a rate of not
 less than $455 per week ... exclusive of board, lodging, or
 other facilities; and

(2) Whose primary duty is the performance of work:

(i) Requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction[.]

29 C.F.R. § 541.300(a)(1–2). There is no dispute that Hicks satisfies the duties prong because she is a registered nurse. The question arises solely as to her manner of pay. It is not disputed that Hicks was not paid a salary during the transition period, but was paid a flat fee for patient visits, and an hourly fee for in-service training, on-call duties including patient visits, and required meetings. Specifically, she was paid $20 per hour for time spent in required staff meetings and in-service training, and $1 per hour while on-call. Amounts paid on an hourly basis were not de minimus. During the November 15 to 28, 2015 pay period, for example, Hicks was paid $349 in hourly compensation for time spent in case management conferences, in-service training, and time spent on-call. Because Hicks was compensated in a hybrid manner — meaning she was paid both a flat fee for patient visits and compensated on an hourly basis for other tasks — she is not exempt from the overtime requirements of the FLSA.

*Elwell*, *supra*, is dispositive of whether Hicks is an exempt bona fide professional. *Elwell* involved home health care nurses who were paid a fee per visit, as well as hourly compensation for infusion visits that lasted more than two hours, as well as hourly compensation for on-call time, in-

service training, and required staff meetings.  276 F.3d at 835.  The Sixth

Circuit found that the regulations did not permit the professional exemption

for "fee basis" employment because the employer paid some tasks on an

hourly basis, and the regulations specifically require that in order to qualify

as "fee basis" employment under the FLSA, the employee must be paid for

a completed task "*regardless* of the time required for its completion."  *Id.* at

838 (quoting 29 C.F.R. § 541.313(b)).  The Sixth Circuit stressed that the

"*regardless* of the time required for its completion" language "suggests that

a compensation plan will not be considered a fee basis arrangement if it

contains *any* component that ties compensation to the number of hours

worked."  *Id.* (emphasis added).  While the Department of Labor ("DOL")

regulations have been renumbered, the "fee basis" exemption remains the

same, and where the employer pays its professional employees on both a

fee basis and an hourly basis, the exemption does not apply.  29 C.F.R. §

541.605 provides:

> (a) Administrative and professional employees may be
> paid on a fee basis, rather than on a salary basis. An
> employee will be considered to be paid on a "fee basis"
> within the meaning of these regulations if the employee is
> paid an agreed sum for a single job *regardless of the time
> required for its completion*. These payments resemble
> piecework payments with the important distinction that
> generally a "fee" is paid for the kind of job that is unique
> rather than for a series of jobs repeated an indefinite
> number of times and for which payment on an identical

basis is made over and over again. *Payments based on the number of hours or days worked and not on the accomplishment of a given single task are not considered payments on a fee basis.*

29 C.F.R. § 541.605 (emphasis added).

Hicks argues that because she was paid on an hourly basis for attending required meetings, attending in-service training, and for on-call work, she was not paid on a strictly fee basis and the FLSA exemption for fee based work does not apply.  Defendants respond that *Elwell* is distinguishable as that case involved a situation where the home health care workers' patient visits were not strictly fee based, as certain visits lasting over two hours were also compensated on an hourly basis, whereas here, patient visits were compensated solely on the type of visit and no hourly compensation was ever included.  But Defendants have failed to distinguish *Elwell* from this case.  In *Elwell*, the Sixth Circuit explained that,

> Although Elwell was paid on a strict fee basis for most of her required job duties, including most of her patient visits, she was also paid on an hourly basis for some duties, including infusion visits that lasted longer than two hours, on-call duty, in-service training, and required staff meetings. As we have already explained, such a hybrid plan does not qualify as a fee basis arrangement

276 F.3d at 839.  The Sixth Circuit considered plaintiff's hourly compensation not just for patient visits, but also for on-call duty, in-service training, and required staff meetings to bar the FLSA professional

exemption for fee based work.  Under the binding authority of *Elwell*, the

same result should be reached here.

In addition, the DOL revisited the issue in 2004 when it re-codified the

fee-basis rule, and expressly noted that the rule was in conformity with the

Sixth Circuit's decision in *Elwell* and prohibited hybrid payment plans which

combine fee-based and hourly-based compensation from the professional

exemption.  Specifically, the DOL stated:

> Proposed section 541.605 simplified the fee basis
> provision in the current rule, but made no substantive
> change. Thus, the proposed rule provided that
> administrative and professional employees may be paid
> on a fee basis, rather than a salary basis: "An employee
> may be paid on a 'fee basis' within the meaning of these
> regulations if the employee is paid an agreed sum for a
> single job regardless of the time required for its
> completion." Generally, a "fee" is paid for a unique job.
> "Payments based on the number of hours or days worked
> and not on the accomplishment of a given single task are
> not considered payments on a fee basis."

> The final rule does not make any changes to the
> proposed rule. Very few comments were submitted on
> this provision. The Fisher & Phillips law firm notes that the
> Sixth Circuit in *Elwell v. University Hospitals Home Care
> Services*, 276 F.3d 832 (6th Cir. 2002), held that a
> compensation plan that combines fee payments and
> hourly pay does not qualify as a fee basis because it ties
> compensation, at least in part, to the number of hours or
> days worked and not on the accomplishment of a given
> single task. It asks the Department to amend the rule to
> permit combining the payment of a fee with additional,
> non-fee-based compensation. The Department has
> decided not to change the long-standing fee basis rule

because the only appellate decision that addresses this issue accepted the "fee-only" requirement, and Fisher & Phillips conceded that this is an "arcane and rarely-used" provision. We continue to believe that payment of a fee is best understood to preclude payment of additional sums based on the number of days or hours worked.

*Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees*, 69 FR 22122, 22184 (April 23, 2004). Given the DOL's explanation of § 541.605(a), *Elwell* remains controlling law and requires the court to reject Defendants' argument that Hicks is a bona fide professional exempt from the FLSA's overtime requirements.

Defendants also argue the court should ignore the fee-basis DOL regulation because it conflicts with the plain terms of the FLSA and is not entitled to deference under *Chevron, U.S.A., Inc. v. National Resources Defense Council, Inc.*, 467 U.S. 837, 843 (1984) because the regulation is arbitrary and capricious. This court must reject these arguments in light of binding Sixth Circuit authority applying the fee-basis regulation in like circumstances. Also, the plain terms of the FLSA anticipate that the Secretary of the DOL would promulgate the very type of regulations at issue here. Specifically, the FLSA provides that the professional exemption

shall be construed "as such terms are defined and delimited from time to time by regulations of the Secretary."  29 U.S.C. § 213(a)(1).

Defendants also argue that Hicks is not entitled to overtime compensation for time spent on-call on the basis that time spent waiting for work time is not compensable unless the "restrictions imposed are so onerous as to prevent employees from effectively using the time for personal pursuits." *Martin v. Ohio Tpk. Comm'n*, 968 F.2d 606, 611 (6th Cir. 1992).  It is unclear whether Hicks alleges that she was working for all the time that she was on-call, or whether she seeks credit for hours worked only for time spent on the phone with physicians or patients, whereas Defendants only credited her for patient visits that occurred during her on-call shift.  (Doc. 33, PgID 575-76).  But the court does not reach the issue now as the court reaches the same decision here regardless of the overtime issue.

The court also considers Defendants' claim that the matter of whether Hicks is exempt as a professional under the fee basis regulation is premature and should not be decided until and unless the jury renders a verdict that Hicks worked more than 40-hours per week.  Whether or not Hicks is an exempt professional is a primarily a question of fact, but the ultimate decision of whether an employee is exempt from the overtime

provision is a question of law.  *Ale v. Tenn. Valley Auth.*, 269 F.3d 680, 691 (6th Cir. 2001); *see Schaefer v. Indiana Mich. Power Co.*, 358 F.3d 394, 407 (6th Cir. 2004) (Surrheinrich, J., concurring).  In *Elwell*, the district court granted summary judgment for plaintiff as to defendant's claim that she was an exempt professional, even where a question of fact existed over whether plaintiff worked more than 40-hours in a week.  The court likewise addresses this issue now.  To put off the issue would waste judicial resources, as a conclusion that Hicks is an exempt professional would eviscerate any need for a trial.

## IV. Conclusion

Because a genuine issue of material fact exists as to whether Plaintiff worked more than 40-hours per week, Defendants' motion for summary judgment (Doc. 25) is DENIED.

Because Plaintiff does not qualify as an exempt professional under the FLSA during the transition period, Plaintiff's motion for partial summary judgment (Doc. 27) is GRANTED.

**IT IS SO ORDERED.**

Dated:  May 24, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

- 20 -

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 24, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk